UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND**, *et al.*,<br><br>              **Plaintiffs,**<br><br>   v.<br><br>**UPMC McKEESPORT,**<br><br>              **Defendant.** | Civil Action No. 22-cv-249 (TSC/GMH) |

**MEMORANDUM OPINION & ORDER**

Before the Court is Defendant UPMC McKeesport's ("Defendant" or "UPMC") Motion to Stay this case, a delinquent pension contribution action brought by Service Employees International Union National Industry Pension Fund (the "Pension Fund" or the "Fund") and its Board of Trustees (collectively, "Plaintiffs") under Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145.[1]  ECF No. 6.  For the reasons that follow, the motion to stay is denied.[2]

          **I.**      **BACKGROUND**

Plaintiffs allege that UPMC, a hospital outside Pittsburgh, has for many years failed to make pension contributions as required by UPMC's collective bargaining agreement ("CBA")

---

[1] Judge Tanya S. Chutkan referred this case to the undersigned for full case management in accordance with Local Civil Rule 72.2(a).  *See* Minute Order (April 7, 2022).

[2] The relevant docket entries for purposes of this Memorandum Opinion and Order are:  (1) Plaintiffs' Complaint (ECF No. 1); (2) UPMC's motion to stay (ECF No. 6); (3) Plaintiffs' opposition to the motion to stay (ECF No. 11); (4) UPMC's reply to Plaintiffs' opposition to the motion to stay (ECF No. 12); and (5) the parties' Joint Status Report (ECF No. 26).  The page numbers cited herein are those assigned by the Court's CM/ECF system.

with its nurses, which was negotiated and agreed to with the nurses' union, SEIU Healthcare Pennsylvania CTW, CLC (the "Union").  See ECF No. 1.

The motion to stay is premised largely on the fact that, hours before Plaintiffs filed this action, UPMC filed a complaint for a declaratory judgment in the Western District of Pennsylvania against the Pension Fund and the Union (the "Declaratory Judgment Action").  See Complaint, *UPMC McKeesport v. Service Employees International Union National Industry Pension Fund, et al.*, No. 2:22-cv-178 (W.D.P.A. Feb. 1, 2022), ECF No. 1.  The Declaratory Judgment Action sought a declaration that UPMC does not owe any additional payments to the Pension Fund beyond those already contributed.  See id. at 10–11.  UPMC argues that, for reasons of judicial economy, this case should be stayed pending the resolution of the Declaratory Judgment Action because the outcome there may determine whether it has any obligations to the Pension Fund in this case.  ECF No. 6-3 at 2–4.  The Pension Fund opposes a stay, contending that a pause here is unnecessary, both because the Declaratory Judgment Action is jurisdictionally infirm and therefore the court there may not reach a merits resolution that would have any simplifying effect on this case, and because even if UPMC prevails in the Declaratory Judgment Action, the parties would still have to return to this Court to address unadjudicated claims.  ECF No. 11 at 5–13.  The Pension Fund also says that allowing the Declaratory Judgment Action to proceed first would contravene ERISA's intent to provide fund administrators with greater choice in where to bring collection actions.  Id. at 4–5.

Following the completion of briefing on the motion to stay, the parties turned their attention to the Declaratory Judgment Action.  The Pension Fund and the Union (the defendants in the Declaratory Judgment Action) moved to dismiss, arguing that UPMC lacked standing to assert some of its claims and that the court lacked subject matter jurisdiction to hear them.  See UPMC

*McKeesport v. Serv. Emps. Int'l Union Nat'l Indus. Pension Fund*, No. 22-cv-178, 2022 WL 1620075, at *2–3 (W.D. Pa. May 23, 2022) (hereinafter "*UPMC I*"). The court in the Western District of Pennsylvania granted the motion, but did so without prejudice and allowed UPMC (the plaintiff in the Declaratory Judgment Action) to amend its complaint. *Id.* at *4. UPMC filed an amended complaint, but it fared no better, and the claims against the Pension Fund were again dismissed—this time with prejudice. *UPMC McKeesport v. Serv. Emps. Int'l Union Nat'l Indus. Pension Fund*, No. 22-cv-178, 2022 WL 3042659, at *6 (W.D. Pa. Aug. 2, 2022) (hereinafter "*UPMC II*"). UPMC was given until August 16, 2022, to file a second amended complaint against the Union, but did not do so. *See* Order, *UPMC McKeesport v. Service Employees International Union National Industry Pension Fund, et al.*, No. 22-cv-178 (W.D.P.A. Aug. 2, 2022), ECF No. 40.

On August 13, 2022, this Court instructed the parties to submit "a joint report outlining their view(s) on the impact" of the Declaratory Judgment Action on UPMC's motion to stay. Minute Order (Aug. 13, 2022). In response, UPMC simply noted that the Declaratory Judgment Action "has been dismissed, subject to appeal." ECF No. 26 at 1. The Pension Fund argued that the dismissal of the Declaratory Judgment Action rendered the motion to stay moot because UPMC sought a stay of this case only "'until [the] resolution of [UPMC's] declaratory judgment action.'" *Id.* at 1–2 (quoting ECF No. 3 at 2). Thus, according to the Pension Fund, even had the stay been granted, the stay "would have terminated on its own terms" with the dismissal of the Declaratory Judgment Action. *Id.* at 2.

## II.   LEGAL STANDARD

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In "the exercise of [its]

3

judgment," the court must "'weigh competing interests and maintain an even balance' between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).  So, while federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), a party may be required "to submit to delay not immoderate in extent and not oppressive in its consequences if . . . convenience will thereby be promoted," *Landis*, 299 U.S. at 256.  However, a "stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Id.* at 257.  "Ordering a stay of 'indefinite duration in the absence of a pressing need' would amount to an abuse of discretion." *Hulley Enters. Ltd. v. Russian Fed'n*, No. 14-cv-1996, 2022 WL 1102200, at *4 (D.D.C. Apr. 13, 2022) (quoting *Belize Social Dev. Ltd.*, 668 F.3d at 732).

      Consistent with these principles, a court "'may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" *United States v. Honeywell Int'l, Inc.*, 20 F. Supp. 3d 129, 132 (D.D.C. 2013) (quoting *IBT/HERE Emp. Representatives' Council v. Gate Gourmet Div. Ams.*, 402 F. Supp. 2d 289, 292 (D.D.C. 2005)).  Although "no precise rule has evolved" to govern such situation where parallel litigation that is factually related is ongoing in another forum, the general principle is that courts should "avoid duplicative litigation." *Colo. River*, 424 U.S. at 817.  This Circuit follows the well-established rule that "'[w]here two cases between the same parties on the same cause of action are commenced in two different federal courts, the one which is commenced first is to be allowed to proceed to its

4

conclusion first.'" *Wash. Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980) (quoting *Speed Prods. Co. v. Tinnerman*, 171 F.2d 727, 729 (D.C. Cir. 1948)).  However, the first-to-file rule is not applied mechanically, and must give way if the second-filed action deserves priority.  *See Columbia Plaza Corp. v. Sec. Nat'l Bank*, 525 F.2d 620, 628 (D.C. Cir. 1975).  That said, "considerations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously."  *Ragonese*, 617 F.2d at 830; *see also Columbia Plaza*, 525 F.2d at 626 ("Sound judicial administration counsels against . . .the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided.").  Further, "a stay of the proceedings in one case is justifiable even where the parallel proceedings 'may not settle every question of fact and law,' but would settle some outstanding issues and simplify others."  *Bridgeport Hosp. v. Sebelius*, No. 09-cv-1344, 2011 WL 862250, at *1 (D.D.C. Mar. 10, 2011) (quoting *Landis*, 299 U.S. at 256); *see also Hulley Enters. Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 276 (D.D.C. 2016) ("[A] stay may be warranted where the resolution of other litigation will likely 'narrow the issues in the pending cases and assist in the determination of the questions of law involved.'" (quoting *Landis*, 299 U.S. at 254)).

"The proponent of a stay bears the burden of establishing its need."  *Clinton*, 520 U.S. at 708; *see also 9REN Holding S.A.R.L. v. Kingdom of Spain*, No. 19-cv-1871, 2020 WL 5816012, at *2 (D.D.C. Sept. 30, 2020).  "[I]f there is even a fair possibility that the stay . . . will work damage to some one else," the movant "must make out a clear case of hardship or inequity in being required to go forward."  *Landis*, 299 U.S. at 255.  Ultimately, a court's stay order "must be supported by 'a balanced finding that such need overrides the injury to the party being stayed.'"  *Belize Soc. Dev.*, 668 F.3d at 732 (quoting *Dellinger v. Mitchell*, 442 F.2d 782, 787 (D.C. Cir.

5

1971)).  So, to determine whether a stay should issue, courts consider "(1) harm to the nonmoving party if a stay does issue; (2) the moving party's need for a stay—that is, the harm to the moving party if a stay does not issue; and (3) whether a stay would promote efficient use of the court's resources."  *Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 20 (D.D.C. 2019).

### III.  DISCUSSION

The motion to stay is denied, as the Declaratory Judgment Action—the cornerstone of UPMC's arguments in favor of pausing this case—has been dismissed.  *See UPMC I*, 2022 WL 1620075, at *4; *UPMC II*, 2022 WL 3042659, at *6.  UPMC's claims against the Pension Fund were twice thrown out, the second time with prejudice, and UPMC has not indicated that it will appeal the dismissal.  *See id.*; *see also* ECF No. 26 at 1.  The judicial economy arguments underpinning UPMC's motion have therefore fallen away because none of the core legal or factual questions in this case will be resolved in the Declaratory Judgment Action, which was dismissed on jurisdictional grounds.  The lack of any reasonable prospect of that case settling or narrowing any of the issues presented in this case weighs heavily against a stay.  *See, e.g.*, *Jian Guo v. ZTO Express (Cayman) Inc.*, No. 17-cv-5357, 2017 WL 6547746, at *3 (N.D. Cal. Dec. 22, 2017) (denying a motion to stay where a related case would "not resolve any of the underlying legal issues related to the" claims at issue); *Canvs Corp. v. Flir Sys., Inc.*, No. 14-cv-180, 2014 WL 12616944, at *2 (M.D. Fla. June 10, 2014) (denying a motion to stay where "a stay will not streamline issues at trial or reduce the burden of litigation for the Parties or the Court").  Further, "the difficulty of litigating two concurrent lawsuits in separate jurisdictions" has been averted, and the Pension Fund's ERISA claims in this case can proceed without the threat of "inconsistent and conflicting rulings in the concurrent cases."  ECF No. 6-3 at 3; *see also In re CenturyLink Sales Pracs. & Sec. Litig.*, MDL No. 17-2795, 2020 WL 7129889, at *9 (D. Minn. Dec. 4, 2020)

(denying a motion to stay pending the outcome of related arbitrations because there was "no risk of inconsistent rulings"), *appeal dismissed*, No. 21-1030, 2021 WL 2792967 (8th Cir. Feb. 23, 2021); *In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-cv-6820, 2013 WL 2434611, at *4 (E.D. Pa. June 5, 2013) (denying a motion to stay where "there is no risk of inconsistent rulings" between the case and a related agency investigation).

So, because the Court does not perceive any other reason that counsels in favor of a stay and additional delay of this case would not "promote efficient use of the court's resources" but would, in fact, harm Plaintiffs by further postponing adjudication of their ERISA claims, the motion to stay is denied. *Ctr. for Biological Diversity*, 419 F. Supp. 3d at 20; *see also St. Paul Guardian Ins. Co. v. Shannon & Wilson, Inc.*, No. 06-cv-5, 2006 WL 1479521, at *3 (E.D. Mo. May 25, 2006) (denying a motion to stay where "no parallel case is pending" in another court, and therefore "judicial economy is served by deciding this case here in federal court").

## CONCLUSION

With the dismissal of the Declaratory Judgment Action, a stay in this case would be inappropriate. Thus, and for the reasons set forth above, it is hereby

**ORDERED** that UPMC's Motion to Stay (ECF No. 6) is **DENIED**.

Date:  August 24, 2022

                                                           G. MICHAEL HARVEY
                                                           UNITED STATES MAGISTRATE JUDGE